UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ANNALIESA HENLEY, ) | CASE NO. 1:05 CV 2443 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| CUYAHOGA COUNTY BOARD ) | AND ORDER |
| OF MENTAL RETARDATION, ) | |
| ) | |
| Defendant. ) | |

On October 17, 2005, pro se plaintiff Annaliesa Henley filed the above-captioned case in forma pauperis against the Cuyahoga County Board of Mental Retardation and Developmental Disabilities ("CCBMR") based on federal question jurisdiction, 28 U.S.C. § 1331. Ms. Henley seeks $350,000.00 in damages as well as "reinstatement of wages and medical benefits."

*Background*

Ms. Henley claims that on August 3, 2005 the Sixth Circuit Court of Appeals "accepted" her petition for an En Banc Rehearing against the defendant. She adds that when the court accepted her petition it issued a directive staying its judgment of July 7, 2005, which affirmed the district court's denial of her motion to reopen her case. The defendant disregarded this alleged

order from the appeals court "in violation of Federal Rule 40" when it "intentionally terminated, fired and discharged plaintiff from her/my employment on September 30, 2005." (Comp. at 2.) Because the defendant violated Rule 40, Ms. Henley now complains that she has lost wages, as well as health coverage for her diabetic husband.

In addition to her rule violation claim, Ms. Henley asserts that she was wrongfully discharged by the director of Human Resources, John McLaughlin. Mr. McLaughlin allegedly has a history of "punitively, intentionally, with race being the main destructive motivating factor . . . to inflict monetary, emotional, and many other life threatening actions against African-Americans, especially black women." (Compl. at 2.)

As a point of reference, the court takes notice of that fact that the appeals activity to which Ms. Henley is referring stems from a previous civil suit she filed in this court against the defendant based on civil rights violations. See Henley v. Cuyahoga Cty. Board Mental Retardation, No. 01:01cv2727 (N.D. Ohio filed Dec. 3, 2001). Represented by counsel in that action, Ms. Henley alleged that she had been: (1) denied promotion and requested work assignments by reason of her race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) and the Ohio Civil Rights Act ("OCRA"), Ohio Revised Code §§ 4112.01 et seq.; (2) retaliated against due to her opposition to the allegedly discriminatory practices of defendant in violation of the anti-retaliation provision of Title VII and OCRA; (3) retaliated against in a manner which became so severe or pervasive as to alter the conditions of her employment, also in violation of the same anti-retaliation provisions; (4) denied the benefits of employment in a manner which deprived her of her due process rights and right to engage in free speech, in violation of 42 U.S.C. §1983; and (5) treated her in a manner which caused a breach in defendant's duty to refrain from negligently or intentionally

2

injuring plaintiff, causing her "embarrassment, mental anguish, loss of reputation, loss of self-esteem, anxiety as to job security and other emotional distress" in violation of Ohio law.

The parties consented to the jurisdiction of Magistrate Judge David S. Perelman. The defendant moved for summary judgment and Magistrate Perelman issued an order on August 4, 2003 denying the motion on count one, but granting summary judgment on the remaining counts.

The case was dismissed on December 1, 2003 without prejudice to the right of Ms. Henley to seek reinstatement after 60 days should a settlement not be reached between the parties. Two weeks later, Ms. Henley filed a motion to reopen the case, which the court held in abeyance to allow her to make a prima facie demonstration that defendant was attempting to vary the terms of the settlement agreement. After granting Ms. Henley leave to supplement her motion and change her attorney of record, the court denied the motion to reopen on March 2, 2004. She filed a motion for reconsideration on March 9, 2004, which Magistrate Perelman denied on March 12, 2004.

Ms. Henley appealed the court's order on March 18, 2004. The Sixth Circuit affirmed the district court's order on July 11, 2005. Although she claims that the court of appeals issued an order to "stay" on August 4, 2005, it appears that this is actually the date on which she filed a petition for rehearing en banc before the Sixth Circuit pursuant to Federal Appellate Rule 40. On October 12, 2005 the appeals court denied her petition and a mandate order was issued on October 25, 2005 affirming the judgment of the district court.

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief

3

can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

*Lack of Subject Matter Jurisdiction*

Federal courts are always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231(1990) and a federal court may not entertain an action over which it has no jurisdiction. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). A careful review of the complaint before this court reveals that Ms. Henley is asserting this court's jurisdiction based solely on a "federal question." Federal question jurisdiction provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. For purposes of federal question jurisdiction, "an action arises under laws of United States if and only if the complaint seeks a remedy expressly granted by a federal law or if it requires construction of a federal statute or a distinctive policy of a federal statute requires the application of federal legal principles for its disposition." Lindy v. Lynn, 501 F.2d 1367, 1368 (3d Cir. 1974); see Technical Rubber Co. v. Buckeye Egg Farm, L.P., No. 2:99-CV-1413, 2000 WL 782131 at *2 (S.D.Ohio June 16, 2000 )("In order for an action to 'arise under federal law, a right

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

or immunity created by that law must be an essential element of the plaintiff's claim").

Ms. Henley alleges that the defendant has violated Federal Appellate Rule 40, which states in relevant part:

> Unless the time is shortened or extended by order or local rule, a petition for panel rehearing may be filed within 14 days after entry of judgment. But in a civil case, if the United States or its officer or agency is a party, the time within which any party may seek rehearing is 45 days after entry of judgment, unless an order shortens or extends the time.

FED. APP. R. 40(a). The remedy she seeks to recover for the defendant's violation is $350,000.00 in damages, along with reinstatement to her position and benefits. Rule 40 clearly does not provide the remedy Ms. Henley is seeking.

Although the federal appellate rules are prescribed by statute, see 28 U.S.C. § 2072, none of these rules have the effect of law, statute or treaty. Moreover, there are no facts alleged in the complaint that indicate that CCBMR failed to comply with Rule 40. Considering the nature of her allegations and liberally construing the complaint in Ms. Henley's favor, however, the court must presume that she is referring to Federal Appellate Rule 41, not 40. Under Rule 41 an appeals court "stays the mandate until disposition of the petition or motion," upon "[t]he timely filing of a petition for panel rehearing, petition for hearing en banc or motion for stay of the mandate." FED. APP. R. 41(d)(2)(emphasis added).

Regardless of which appellate rule of procedure Ms. Henley alleges the defendant has violated, this court lacks subject matter jurisdiction. The appellate rules govern the procedure in appeals to United States courts of appeals from a United States district court. See FED. APP. R. 1(a)(1). It is only when a rule provides for filing a motion in this court, that the procedures must comply with the practice of the district court. See FED. APP. R. 1(a)(2). Otherwise, a party seeking

5

to challenge an opposing party's failure to comply with appellate rules of procedure cannot seek the intervention of a district court.

*Supplemental Jurisdiction*

Supplemental jurisdiction is governed by 28 U.S.C. § 1367, which includes an explicit provision permitting a district court to decline to exercise supplemental jurisdiction when that court has dismissed all of the claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); see Gregory v. Hunt, 24 F.3d 781, 790 (6th Cir. 1994)(where no federal claims remain, the district court has discretion as to whether it should dismiss supplemental state law claims). Inasmuch as Ms. Henley has failed to establish federal jurisdiction over her claims, this court declines to exercise supplemental jurisdiction over any state law claims for wrongful discharge in this case pursuant to 28 U.S.C. § 1367(c)(1).

Based on the foregoing, Ms. Henley has not asserted a direct statutory action that would give this court subject matter jurisdiction under § 1331. Accordingly, her Motion to Proceed In Forma Pauperis is granted and this action is dismissed under §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

*signature* 12/2/05
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.